# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Carol Iliescu, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 4:17-cv-1067-PMD-TER |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Defendant Commissioner's objections to United States Magistrate Judge Thomas E. Rogers' report and recommendation ("R & R") (ECF Nos. 16 & 14). The Magistrate Judge recommends that the ALJ's decision be reversed and remanded. For the reasons stated herein, the Court overrules the Commissioner's objections, adopts the R & R, reverses the ALJ's decision, and remands for further proceedings.

## PROCEDURAL HISTORY

On February 14, 2018, the Magistrate Judge issued his R & R recommending that the Court reverse and remand the ALJ's decision. The Commissioner filed objections on February 28, and Plaintiff responded on March 29. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

A reviewing court must uphold the findings and conclusions of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In reviewing for substantial evidence, [the Court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its own] judgment for that of the [ALJ]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the decision is left to the judgment of the ALJ. *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

The Commissioner objects to the Magistrate Judge's analysis on the basis that he improperly extended the Fourth Circuit's ruling in *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016). In *Henderson*, the Fourth Circuit held that a conflict was created when a vocational

expert ("VE") testified that a claimant could perform work at a GED Reasoning Code Level 2 even though the claimant's residual functional capacity ("RFC") limited him to "simple one-to-two step tasks with low stress." *Id.* at 276–77. The Fourth Circuit explained that under Social Security Ruling 00–4p, the ALJ had a responsibility to resolve any possible conflicts between the evidence provided by a VE and the occupational information provided by the Dictionary of Occupational Titles ("DOT"), which states the reasoning level for a particular job. *Id.* (citing SSR 00–4p, 2000 WL 1898704 (Dec. 4, 2000)). The Fourth Circuit said that the "ALJ independently must identify conflicts between the [VE's] testimony and the [DOT]," *id.* (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)), and must resolve such a conflict by ensuring the VE provides a reasonable explanation for the conflict that can "provide[] a basis for relying on the VE's testimony rather than the DOT," *id.* (citing *Pearson*, 810 F.3d at 209–10). The Fourth Circuit concluded that if an ALJ fails to resolve an apparent conflict, she has not fully developed the record and her decision to deny benefits is not supported by substantial evidence. *Id.*

Relying on *Henderson* and its progeny, the Magistrate Judge reasoned that there was an apparent inconsistency between the VE's testimony that Plaintiff could do work with a reasoning level of two, and the Plaintiff's RFC, which limited her to "simple, routine work," (Social Security Admin. R., ECF No. 7-2, at 24.) The Magistrate Judge concluded that because the ALJ failed to identify a reasonable explanation for this apparent conflict, the ALJ had not fully developed the record and improperly relied on the VE's testimony that Plaintiff could perform jobs at a reasoning level of two. In light of his recommendation to remand, the Magistrate Judge did not address Plaintiff's other issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003).

The Commissioner argues that the Magistrate Judge improperly expanded *Henderson* because Plaintiff was only restricted to "simple, routine work." (Social Security Admin. R., ECF No. 7-2, at 24.) In contrast, the *Henderson* plaintiff was restricted to "simple one-to-two step tasks." 643 F.

3

App'x at 276. The Commissioner agrees that the *Henderson* plaintiff's RFC clearly matched level one reasoning, which requires a worker to "[a]pply commonsense understanding to carry out simple one-or two-step instructions." *Dictionary of Occupational Titles*, 1991 WL 688702 (2008). However, the Commissioner argues that Plaintiff's limitation to "simple, routine work" is consistent with level two reasoning, which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Id.* The Commissioner notes that in *Henderson*, the Fourth Circuit cited *Rounds v. Commissioner*, a case in which the Ninth Circuit similarly held that an RFC limitation to "one to two step tasks" meant that the plaintiff could not perform jobs that required level two reasoning. 807 F.3d 996, 1003 (9th Cir. 2015). The Commissioner specifically points to a footnote in *Rounds* which states, "Unpublished decisions of panels of this Court and opinions from some of our sister circuits have concluded that an RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning." *Id.* at 1004 n.6 (citation omitted).

Though *Rounds* and other authorities citied by the Commissioner suggest otherwise, and though the Fourth Circuit has not provided a published opinion on this issue, the courts of this District have repeatedly applied *Henderson* to hold that RFC limitations like Plaintiff's are in apparent conflict with jobs that require level two reasoning. In *Christopherson v. Colvin*, this Court held that "simple, routine, and repetitive tasks" were in conflict with the level two and level three jobs cited by the VE and relied on by the ALJ. No. 6:15-cv-4725-JMC-KFM, 2016 WL 7223283, at *8 (D.S.C. Nov. 18, 2016), *adopted by* 2016 WL 7212785 (D.S.C. Dec. 13, 2016). The court remanded for resolution of the apparent conflict. *Id.* at *9. Similarly, in *Piner v. Berryhill*, this Court explained that an RFC limitation to "simple, routine tasks"—an RFC nearly identical to Plaintiff's limitation of "simple, routine work"—is "more consistent with GED reasoning level one than two or three because the abilities to perform simple tasks and to make

4

simple work-related decisions . . . are similar to the provision for applying commonsense understanding to carry out simple instructions at GED reasoning level one." No. 1:17-cv-317-TMC-SVH, 2017 WL 4712084, at *14 (D.S.C. Sept. 28, 2017), *adopted by* 2017 WL 4682004 (D.S.C. Oct. 18, 2017). Again, the court remanded so that the ALJ could address the apparent conflict. *Id.* at *15; *see also Pressley v. Berryhill*, No. 8:16-cv-2716-BHH-JDA, 2017 WL 4174780, at *10–11 (D.S.C. Aug. 24, 2017), *adopted by* 2017 WL 4156460 (D.S.C. Sept. 19, 2017) (remanding to resolve apparent conflict between "simple, routine, and repetitive tasks" and VE testimony regarding level two and three jobs); *Watts v. Berryhill*, No. 1:17-cv-127-RMG-SVH, 2017 WL 4325685, at *12 (D.S.C. Sept. 12, 2017), *adopted by* 2017 WL 4296722 (D.S.C. Sept. 26, 2017) (remanding to resolve conflict between "simple routine tasks in a low-stress environment" and level two and three jobs); *Watson v. Colvin*, No. 0:15-cv-4935-RBH-PJG, 2017 WL 694645, at *5 (D.S.C. Feb. 22, 2017) (remanding to resolve conflict with "simple, routine, repetitive tasks, which must be performed in a low stress, predictable work environment" and level two and three jobs). The Court acknowledges that other districts in the Fourth Circuit have come to different conclusions. *See, e.g., Street v. Berryhill*, No. 1:17-CV-00204-FDW, 2018 WL 1935866, at *6 (W.D.N.C. Apr. 24, 2018) (finding no apparent conflict between an RFC limitation to "simple, routine, repetitive work" and jobs with level two reasoning). Nonetheless, the Court finds that the Magistrate Judge's conclusion that the ALJ's decision is in error is consistent with this District's application of *Henderson*. Accordingly, the Court reverses the ALJ's decision and remands so that the ALJ can resolve the apparent conflict between Plaintiff's RFC and the VE's explanation of jobs available to her.

Finally, the Court declines Plaintiff's request to address issues not addressed by the Magistrate Judge in light of his recommendation to remand. These issues need not be addressed

by the Court given that they may be rendered moot on remand. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003).

## **CONCLUSION**

For the reasons stated herein, it is **ORDERED** that the Commissioner's objection is **OVERRULED**, and that the R & R is **ADOPTED**. The Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 11, 2018**
**Charleston, South Carolina**

6