IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Carol Iliescu,                              )
                                            )
                    Plaintiff,              )
                                            )        Civil Action No. 4:17-1067-BHH
v.                                          )
                                            )
Nancy A. Berryhill, Acting                  )              **ORDER**
Commissioner of Social Security             )
                                            )
                    Defendant.              )
_____)

     This matter is before the Court upon Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, Plaintiff seeks fees in the amount of $4,114,69, which represents 7.25 hours of attorney's work at the hourly rate of $192.50 and 28.25 hours of paralegal's work at the hourly rate of $96.25, as well as expenses in the amount of $22.46. The Commissioner opposes the motion and asserts that its position was substantially justified. Plaintiff filed a reply arguing that the Commissioner's position was not substantially justified and asking the Court to award supplemental fees in the amount of $385.00 for the time required to file a reply to Defendant's response.

## BACKGROUND

     The Plaintiff filed an application for disability insurance benefits on January 31, 2014, alleging disability since February 4, 2013. The Commissioner denied her application initially and upon reconsideration. The Plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on February 8, 2016. Thereafter, on April 6, 2016, the ALJ issued a decision denying the Plaintiff's claim. Plaintiff filed a

request for review, which the Appeals Council denied on March 3, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff then filed this action seeking judicial review on April 25, 2017.

The matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation ("Report"), wherein Magistrate Judge Rogers recommended that this Court reverse and remand the Commissioner's decision for further administrative action. The government filed objections to the Report, but on May 11, 2018, the Honorable Patrick Michael Duffy entered an order adopting the Report and remanding the Commissioner's final decision for further administrative proceedings.

## DISCUSSION

Attorney's fees may be awarded pursuant to EAJA where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

In evaluating a request for attorney's fees and costs pursuant to EAJA, the

government bears the burden of proving that its position was substantially justified. To meet its burden, the government must establish that its case has a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 562-563, 108 S.Ct. 2541, 2548-2549, 101 L.Ed.2d 490 (1988). "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4thCir, 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at n.2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. *Petrella v. Sec. of Health & Human Servs.*, 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the decision was rendered. *Id.* Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. *Randolph v. Sullivan*, 738 F. Supp. 305, 306 (C.D. Ill. 1990). However, there is no "presumption that the Government position was not substantially justified[ ] simply because it lost the case." *Tyler Business Services, Inc. V.*

*NLRB*, 695 F.2d 73, 75 (4th Cir. 1982).

Here, the Commissioner asserts that its position was substantially justified because it was reasonable in law and fact. Specifically, the Commissioner asserts that this case was a close call that could have gone either way, arguing that this Court's decision to extend *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016)–although in line with other cases from this district–is not in line with the majority of cases from the other district courts in the Fourth Circuit. In other words, the Commissioner asserts that its position to defend the case was reasonable because there is a conflict in the district courts regarding the application of *Henderson* to cases concerning reasoning level two and simple, routine, and repetitive tasks, and because the Fourth Circuit has not yet addressed the conflict. After review, the Court is inclined to agree with the Commissioner.

It is well settled that "[a]dministrative agencies must 'follow the law of the circuit whose courts have jurisdiction over the cause of action.'" *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986), cert. denied,484 U.S. 820 (1987). Here, however, the law of the circuit is not clear, and district courts within the circuit have reached opposite conclusions on the issue. In other words, although courts within this district appear to be mostly in agreement as to the application of *Henderson* to cases concerning reasoning level two and simple, routine, and repetitive tasks, the fact remains that the law of the circuit on this issue is not settled, and the Court ultimately finds that "a reasonable person could think [the Commissioner's position] correct." *Underwood*, 487 U.S. at 566 n. 2.

Plaintiff relies on a recent decision from this district to assert that because the courts within this district agree on the issue, the Commissioner's position is not substantially

justified. *See Locke v. Berryhill* No. 6:12-2751, 2017 WL 4812592 (D.S.C. Oct. 25, 2017) (awarding EAJA fees where district courts in the Fourth Circuit developed competing interpretations of a Fourth Circuit case because "courts within this district have been quite clear in interpreting" the case). However, the Court is not convinced by Plaintiff's reliance on *Locke* for the following reasons. First, as previously noted, agencies are charged with following the law of the circuit, and the law of this circuit is not clear on this question. Second, although the courts in this district have adopted a position contrary to the Commissioner's position, to find that the Commissioner's position was not substantially justified would effectively chill the Commissioner's ability to preserve an argument that the Fourth Circuit has yet to address. Finally, the Court notes that this district's approach appears to be the minority position in this circuit–as the majority of other courts within the circuit agree with the Commissioner's position. Thus, the Court cannot say that the Commissioner's position is unreasonable or not substantially justified. *See also Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991) ("[I]t would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified."). Accordingly, the Court finds that attorney's fees should not be awarded in this case.

## CONCLUSION

Based on the foregoing, the Court hereby

DENIED Plaintiff's motion for attorney's fees pursuant to EAJA (ECF No. 25).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

October 17, 2018
Charleston, South Carolina

5